FILED
JAMES BONINI
CLERK

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

05 AUG 11 PM 1:39

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

CINDY STADTMILLER
860 Genenbill Drive
Cincinnati, OH 45238

    Plaintiff

vs.

THE HEALTH ALLIANCE
OF GREATER CINCINNATI
3200 Burnett Avenue
Cincinnati, OH 45229

    Defendant

Also serve:

Statutory Agent
CT Corporation Systems
36 East Seventh Street
Suite 2400
Cincinnati, OH 45202

1:05 CV 532

J. WATSON
J. HOGAN

COMPLAINT
AND JURY DEMAND

Now comes Plaintiff Cindy Stadtmiller, by and through counsel, and for her Complaint states as follows:

### I. PARTIES

1. Plaintiff Cindy Stadtmiller is an individual citizen of the County of Hamilton, State of Ohio.

2. Defendant The Health Alliance of Greater Cincinnati is incorporated under the laws of the State of Ohio and conducts business in Hamilton County, Ohio within the Western Division for the Southern District of Ohio at various locations including University Hospital.

3. At all times material, Defendant has continuously been and is an employer engaged in an industry affecting commerce within the meaning of the Family Medical Leave Act, 29 U.S.C. § 2615.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court over this controversy is invoked pursuant to 29 U.S.C. §2617 and 29 U.S.C. §1331.

5. Venue is properly laid in the Southern District of Ohio, Western Division because Defendant is doing business in this district; Plaintiff resides in this district; and the unlawful employment practices described herein arose in this district. Accordingly, venue in this court is proper pursuant to 28 U.S.C. §1391(b).

## III. FACTUAL ALLEGATIONS

6. Plaintiff Stadtmiller was employed by Defendant and its predecessors during the period July 5, 1985 through March 3, 2005 as a full-time employee. Her last position was Medical Technologist II.

7. On March 3, 2005, Plaintiff Stadtmiller was terminated by Defendant. The termination letter is attached to this Complaint as Exhibit 1.

8. The termination letter specifies that the reasons for discharge include two periods of absence, one which occurred February 4 through 6, 2005 and a contention of a performance issue which occurred on February 26, 2005.

9. On February 2, 2005, Plaintiff suffered a serious health problem, strep throat and pharyngitis. As a result of this illness, she was unable to work on February 4, 5 or 6, 2005. She was not scheduled to work on February 2 and 3, 2005.

10. On each of the days that Plaintiff was unable to work, she timely informed Defendant of her medical condition and her inability to work.

11. On February 7, 2005, after having visited her physician, Plaintiff returned to work. She continued to work her regular work schedule until she was terminated on March 3, 2005.

## COUNT ONE - FAMILY MEDICAL LEAVE ACT

12. On February 2, 2005, Plaintiff Stadtmiller contracted strep throat and pharyngitis, an illness which constituted a serious health condition as defined by the Family Medical Leave Act (FMLA).

13. On February 4, 5 and 6, 2005, Plaintiff Stadtmiller advised Defendant of her serious health condition and provided notice sufficient to inform the employer of her need for FMLA leave.

14. Plaintiff's need for FMLA leave was not foreseeable.

15. On or about March 3, 2005, Defendant terminated Plaintiff in part for absences on February 4, 5 and 6 for which she was entitled to take leave under the FMLA, interfering with, restraining or denying her exercise of rights provided by the FMLA.

16. As a direct and proximate result of Defendant's aforesaid actions, Plaintiff Stadtmiller has been injured and is entitled to damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Stadtmiller prays that this Court enter judgment as follows:

A. Issue a mandatory injunction pursuant to 29 U.S.C. §2617(1)(B) directing the Defendant to rehire the Plaintiff retroactive to March 3, 2005 to her position as a Medical Technologist II or to an equivalent position.

B. Issue a mandatory injunction pursuant to 29 U.S.C. §2617(1)(B) directing the Defendant to place Plaintiff on employment leave for the period February 4, 5 and 6, 2005.

C. Issue a mandatory injunction pursuant to 29 U.S.C. §2617(1)(B) directing the Defendant to reinstate all of Plaintiff's employment benefits, including but not limited to her health insurance, retroactive to March 3, 2005.

D. Enter a judgment pursuant to 29 U.S.C. §2617(1)(A)(i)(II) against the Defendant and in favor of Plaintiff for the monetary losses sustained by Plaintiff, including interest, as a direct result of Defendant's refusal to grant Plaintiff an employment leave and its discharge of Plaintiff.

E. Enter a judgment pursuant to 29 U.S.C. §2615, awarding Plaintiff liquidated damages for Defendant's unlawful actions.

F. Enter a judgment pursuant to 29 U.S.C. §2615 that Plaintiff be awarded front pay, as determined by the Court.

G. Enter a judgment pursuant to 29 U.S.C. §2617(a)(3) against Defendant and in favor of Plaintiff for reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action.

H. Award Plaintiff such further additional relief as the Court may deem just and proper.

Respectfully submitted,

_____
Deborah R. Grayson, #0062777
Meizlish & Grayson
drgrayson@fuse.net

_[signature]_

Bruce H. Meizlish #0033361
Meizlish & Grayson
Attorney for Plaintiff
830 Main Street, Suite 999
Cincinnati, Ohio 45202
(513) 345-4700
Fax: (513) 345-4703
_brucelaw@fuse.net_

## JURY DEMAND

Plaintiff requests a jury trial on all issues of fact raised by the Complaint.

_[signature]_

Bruce H. Meizlish #0033361
Attorney for Plaintiff